**LOGAN & KANAWHA COAL CO., LLC, Plaintiff,**

v.

**DETHERAGE COAL SALES, LLC, Defendant.**

**Civil Action No. 2:11–cv–00342.**

United States District Court, S.D. West Virginia, Charleston Division.

June 10, 2011.

Brian A. Glasser, Rodney Arthur Smith, Bailey & Glasser, Charleston, WV, for Plaintiff.

Stanton L. Cave, Law Offices of Stan Cave, Lexington, KY, for Defendant.

## MEMORANDUM OPINION & ORDER

JOSEPH R. GOODWIN, Chief Judge.

Pending before the court is the motion by the plaintiff, Logan & Kanawha Coal Co., LLC ("L & K") to Order Service by the U.S. Marshals Service [Docket 5]. For the reasons outlined below, this motion is hereby **GRANTED** to the extent it requests that this court direct the United States Marshals Service to serve upon the defendant the plaintiff's Motion to Confirm Arbitration Award and other supporting documentation. The plaintiff is hereby **DIRECTED** to complete Form USM285, and take all necessary steps, including prepayment of the estimated fees and expenses for service, to facilitate service of the defendant by the U.S. Marshals Service, and deliver the same to the U.S. Marshal for the Southern District of West Virginia.

## I. Background

According to L & K, an arbitration hearing was held in Charleston, West Virginia on March 16, 2011, pursuant to the American Arbitration Association's Rules for Commercial Arbitration. (Mot. Confirm Arbitration Award [Docket 1], at 1.) On April 21, 2011, a majority of the arbitration panel issued an award requiring the defendant Detherage Coal Sales, LLC ("Detherage") to pay L & K a total of $2,724,719.50 plus L & K's reasonable attorneys' fees. (Id.) On May 13, 2011, L & K filed in this court its Motion to Confirm Arbitration Award, seeking, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("the FAA"), to confirm the arbitration award issued against Detherage and for an entry of judgment thereon.

On May 17, 2011, L & K filed the instant motion, requesting that this court order the United States Marshals Service for the Eastern District of Kentucky to serve L & K's Motion to Confirm Arbitration Award and supporting documentation upon Detherage Coal Sales, LLC ("Detherage"). L & K asserts that "the dictates of the FAA [...] require[] that service be made on Defendant by a United States marshal," because Detherage is a nonresident of the district where the arbitration award was made. (Mot. Order Service, at 1.) L & K asserts that Detherage is a resident of the Eastern District of Kentucky, but that district's Marshals Service will not serve the motion and supporting documentation without a court order. Accordingly, citing Federal Rule of Civil Procedure 4(c)(3), L & K requests that this court order that the U.S. Marshals Service in that district

serve its Motion to Confirm Arbitration Award and other supporting documentation on Detherage.

## II. Discussion

As a preliminary matter, I note that the reluctance of the U.S. Marshals to serve this motion on the defendant without a court order is entirely understandable. The service requirements embodied in Rule 4 of the Federal Rules of Civil Procedure were amended by Congress in 1983 to drastically reduce the requirement of marshal service in civil cases, and it is the rare case that now requires it. *See* Fed. R.Civ.P. 4(c); *Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 94 (1983) ("[T]he amendment's ostensibly principal purpose is [ . . . ] taking the marshals out of summons service *almost* entirely.") (emphasis added). It is also a decidedly strange result that a more formal service requirement should be imposed in the context of an arbitration than in a regular civil case. Nonetheless, I am bound here by the plain language of the statute.

### a. The Federal Arbitration Act's Service Requirement

The FAA provides, in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district with-

in which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. **If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.**

9 U.S.C. § 9 (2006) (emphasis added). Unfortunately, "there is scant case law interpreting the FAA's § 9 service requirement." *Hancor, Inc. v. R & R Eng'g Prods., Inc.*, 381 F.Supp.2d 12, 15 (D.Puerto Rico 2005). A review of the existing case law reveals that district courts around the country are applying Section 9's service requirement inconsistently.

Some district courts have interpreted the language of the statute strictly, and required that plaintiffs seeking to confirm arbitration awards show proof of service by a marshal in order to obtain jurisdiction over nonresident defendants under the FAA. *See Kirby Morgan Dive Sys., Inc. v. Hydrospace Ltd.*, No. 09–4934, 2010 WL 234791, at *4 (C.D.Cal. Jan. 13, 2010) (finding that when a nonresident, foreign defendant was not served by a marshal in a judicial district within the United States, "such service does not give the Court personal jurisdiction over Smith under § 9"); *Med. Shoppe Int'l, Inc. v. Med. Solutions, Inc.*, No. 4:06MC622 CDP, 2006 WL 3538800, at *1 (E.D.Mo. Dec. 7, 2006) (citing 9 U.S.C. § 9 and noting without further explanation that "service must be made 'by the marshal [ . . . ] in like manner as other process of

the Court.'"); *Nu–Best Franchising, Inc. v. Motion Dynamics, Inc.,* No. 805CV507T27TGW, 2006 WL 1428319, at *3, *6 (M.D.Fla. May 17, 2006) (holding in the analogous context of a motion to vacate an arbitration award under 9 U.S.C. § 12 that "[p]laintiffs were required to serve notice through the United States Marshal" and that because the notice requirement "expressly addresses the manner of serving notice of motion to vacate [...] the Federal Rules of Procedure [...] relating to service are inapplicable."); *see also Dobco, Inc. v. Mery Gates, Inc.,* No. 06–0699(HAA), 2006 WL 2056799, at *2 (D.N.J. July 21, 2006) (finding notice by way of a notice of motion to the defendant's attorney was inadequate, and noting that the plaintiff "had an obligation to have [the defendant] served by a marshal, as the strict language of the statute provides," but also recognizing in the alternative, "recent federal jurisprudence recognizing the elimination of the use of marshals for service of original process.").

Other district courts have reached the opposite conclusion, finding that Section 9's service requirement is "anachronistic" and should not be followed because it fails to account for the amendments to the Federal Rules reducing the role of the U.S. Marshals Service as process servers in civil cases. *See Hancor,* 381 F.Supp.2d at 15 (citing *Matter of the Arbitration Between InterCarbon Bermuda, Ltd. & Caltex Trading and Trans. Corp.,* 146 F.R.D. 64, 67 n. 3 (S.D.N.Y.1993) (quoting *Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure,* 96 F.R.D. 81, 94 (1983)) ("Section [9] is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of the United States marshals as routine process servers.")); *see also United Cmty. Bank v. Campbell,* No. 1:10cv79, 2011 WL 815684, at *2 (W.D.N.C. March 1, 2011) (*citing Hancor,* 381 F.Supp.2d at 15) (finding that service by certified mail, return receipt and by individual service in accordance with Federal Rule of Civil Procedure 4(e) was proper, and that "'[i]n these circumstances, Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure.'"); *Own Capital, LLC v. David Smith Autoland, Inc.,* No. 10–mc–51002, 2010 WL 3623173, at *2 (E.D.Mich. Sept. 15, 2010); ("[T]he phrase 'in like manner as other process of court' requires the party applying for confirmation of an arbitration award under section 9 to follow Fed.R.Civ.P. 4 in providing notice to adversarial parties."); *May Fin. Corp. v. Granger Meadows, Ltd.,* No. Civ. A.3:02–CV–2482–L, 2003 WL 21246130, at n. 1 (N.D.Tex. March 31, 2003) (*citing Matter of Arbitration Between Trans Chem. Ltd. and China Nat. Mach. Imp. & Exp. Corp.,* 978 F.Supp. 266, 300, n. 138 (S.D.Tex.1997) ("[Section] 9 'cannot be taken as the proper standard for service of process.'")). Instead, Section 9's reference to service by marshal has been interpreted by those courts to permit service by means now used for service of initial process under Rule 4 of the Federal Rules of Civil Procedure. *See Hancor,* 381 F.Supp.2d at 15; *United Cmty. Bank,* 2011 WL 815684, at *2; *Own Capital, LLC,* 2010 WL 3623173, at *2; *May Financial Corp.,* 2003 WL 21246130, at *2. In support of this conclusion, courts have relied heavily on a statement by the Second Circuit Court of Appeals that the second part of the final sentence in Section 9 describing service on nonresidents that requires service be "in like manner as other process by the court," means that a plaintiff seeking to confirm an arbitration award need only comply with the requirements of Rule 4 for initial service of process of regular civil suits. *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.,* 439 F.2d 1268,

1277 (2d Cir.1971) (noting in dicta that "[t]he phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service, not to Fed.R.Civ.P. 12(a) allowing 60 days for an answer to a summons and complaint.").

### b. Repeal by Implication

▇▇▇▇ The courts declining to follow Section 9's requirement of service by marshal have, in essence, held that the requirement was repealed by implication by the amendments to the Federal Rules "because [§ 9] cannot account for the subsequent abandonment of the United States marshals as routine process servers." *See Hancor*, 381 F.Supp.2d at 15 (internal citations and quotations omitted). Indeed, Section 9's service requirement has not been explicitly repealed by statute or by the Rules, so any repeal would be by implication. "[R]epeals by implication are not favored." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Posadas v. Nat'l. City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936). There is, however, an exception to the general disfavoring of repeal by implication. "Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one." *Posadas*, 296 U.S. at 503, 56 S.Ct. 349. This exception is a narrow one. The United States Supreme Court has held that a party seeking a finding that a statute has been repealed implication

> must [ . . . ] overcome the cardinal rule [ . . . ] that repeals by implication are not favored. [ . . . ] It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum, [ . . . ] unless the later statute expressly contradict[s] the original act or unless such a construction is absolutely necessary [ . . . ] in order that [the] words [of the later statute] shall have any meaning at all. [ . . . ] The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.

*Traynor v. Turnage*, 485 U.S. 535, 547–48, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988) (internal citations omitted). Accordingly, in order to supersede the requirement of 9 U.S.C. § 9, the Federal Rules governing service of process would, as a threshold matter[1], either have to expressly contradict or conflict irreconcilably with Section 9, or a conflicting construction would have to be absolutely necessary to give meaning to the service provisions of the Federal Rules. This is simply not the case.

---

1. In general, the Federal Rules have the effect of laws. 28 U.S.C. § 2072(b); *American Fed'n of Musicians v. Stein*, 213 F.2d 679, 685–86 (6th Cir.1954), *certiorari denied* 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687 (1954). Statutes enacted prior to promulgation of rules that are inconsistent with them are superseded, unless such supersession would abridge, enlarge or modify a substantive right. 28 U.S.C. § 2072(b); *American Fed'n of Musicians*, at 686; *see also U.S. v. Microsoft Corp.*, 165 F.3d 952, 958 (D.C.Cir.1999) ("When a rule of civil procedure and another statute 'conflict[ ] irreconcilably,' the statute will be deemed superseded, pursuant to the Rules Enabling Act, unless such supersession would 'abridge, enlarge, or modify [a] substantive right.' ") (*citing* 28 U.S.C. § 2072(b)); *Henderson v. United States*, 517 U.S. 654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). Because I find that the Rules and Section 9 do not irreconcilably conflict, I need not reach the question of whether supersession of Section 9 by the Rules would 'abridge, enlarge, or modify a substantive right.'

Rule 4 of the Federal Rules of Civil Procedure provides generally for service as follows:

**(c) Service.**

**(1) In General.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

**(2) By Whom.** Any person who is at least 18 years old and not a party may serve a summons and complaint.

**(3) By a Marshal or Someone Specially Appointed.** *At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.* The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed.R.Civ.P. 4(c) (emphasis added). It further provides for the service, at issue here, of an individual within a judicial district of the United States:

**(e) Serving an Individual Within a Judicial District of the United States.** *Unless federal law provides otherwise,* an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e) (emphasis added). 28 U.S.C. § 566(c) (2006), describing the powers and duties of the United States Marshals Service, states that *"[e]xcept as otherwise provided by law or Rule of Procedure,* the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties." Id. (emphasis added).

Read together, it is clear that although the intention and effect of the changes in Rule 4 and the scope of the statute governing the responsibility of the U.S. Marshals in the service context was to *reduce* that role, courts retain the discretion—and in some cases, the duty—to order marshal service. Fed.R.Civ.P. 4(c)(3). The Rules replaced the marshals as routine process servers, but clearly state that if "federal law provides otherwise," that procedure should govern. Fed.R.Civ.P. 4(e). The marshals have duty to execute process on behalf of the United States "[e]xcept as otherwise provided by law or Rule of Procedure," 28 U.S.C. § 566(c). "It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce *all orders of the United States District Courts,* the United States Courts of Appeals, the Court of International Trade, and the United States Tax Court, *as provided by law.*" 28 U.S.C. § 566(a) (emphasis added).

In this case, the plain language of Section 9 of the FAA does not irreconcilably conflict with the provisions of the Federal Rules, and two are clearly 'capable of co-

existence.' Even under the revised Rules, the court retains the discretion to order marshal service, and Rule 4(e)'s provisions for alternative forms of service recognize that that procedure can be limited or extended by law. Further, although Rule 4(c)(3) notes two statutes which still expressly require service by marshal, the failure of the Rule drafters to include the FAA cannot by implication repeal the statutory language of the FAA, which expressly requires service "by marshal" on nonresident defendants. 9 U.S.C. § 9. Although, as noted above, this leads to the illogical result that service effected on nonresident defendants in arbitration cases is different from those in other civil cases, the appropriate body to rectify this anachronism is Congress, not a district court. Here, where Congress has specifically and expressly provided for service by marshal, has not expressly repealed the provision, and where the Federal Rule is not irreconcilably in conflict with that provision, the court should give effect to the plain language of the statute.

■ Section 9 of the FAA provides that after notice is "served upon the adverse party, [...] the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9. "If," as here, "the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found." Id. Pursuant to Rule 4.1 of the Federal Rules of Civil Procedure, process (other than summons and subpoenas) may be served by a marshal "anywhere within the territorial limits of the state where the district court is located, and, *if authorized by a federal statute,* beyond those limits." Fed. R.Civ.P. 4.1(a). Thus, service on a nonres-

ident, as authorized by Section 9, is proper and should be effected by the U.S. Marshals Service.[2]

### III. Conclusion

Accordingly, for the reasons outlined above, this motion is hereby **GRANTED** to the extent it requests that this court direct the United States Marshals Service to serve upon the defendant the plaintiff's Motion to Confirm Arbitration Award and other supporting documentation. The plaintiff is hereby **DIRECTED** to complete Form USM–285, and take all necessary steps, including prepayment of the estimated fees and expenses for service, to facilitate service of the defendant by the U.S. Marshals Service, and deliver the same to the U.S. Marshal for the Southern District of West Virginia.

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and any unrepresented party. The court **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

---

**2.** An order of a district court which is effective beyond the district in which it is issued may be executed by the marshal either for the district in which it was issued or for the district in which it is to be executed. *Graber v. Graber,* 93 F.Supp. 281, 282 (D.D.C.1950)